Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| GABRIEL ROJAS ORTIZ<br><br>Apelado<br><br>v.<br><br>ELIENID BERRÍOS DEL HOYO, POR SÍ Y EN REPRESENTACIÓN DE SU HIJO MEBDH<br><br>Apelantes | KLAN202300358 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala de Aibonito<br><br>Caso número: AI2022RF00307<br><br>Sobre: Filiación, Reconocimiento Voluntario |

Panel integrado por su presidenta, la juez Domínguez Irizarry, la juez Rivera Marchand y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

# RESOLUCIÓN

En San Juan, Puerto Rico, a 27 de abril de 2023.

Comparece ante esta Curia la parte peticionaria, Elienid Berrios del Hoyo, mediante el recurso de epígrafe y nos solicita la revocación de la *Orden* emitida por el Tribunal de Primera Instancia, Sala de Aibonito, el 28 de febrero de 2023, notificada el 6 de marzo del mismo año. En el referido dictamen, el foro recurrido ordenó a las partes a realizarse una prueba de ácido desoxirribonucleico (ADN) o de paternidad. Junto a su recurso, presentó una *Moción en Auxilio de Jurisdicción*.

Por tratarse de un dictamen interlocutorio, acogemos el recurso como un *certiorari* y conservamos el alfanumérico asignado para propósitos administrativos.

Por los fundamentos que expondremos a continuación, declaramos No Ha Lugar la *Moción en Auxilio de Jurisdicción* y denegamos la expedición del auto de *certiorari*. Veamos.

**I**

El 27 de septiembre de 2022, Gabriel Rojas Ortiz (Rojas Ortiz o recurrido) incoó una *Demanda* sobre filiación y reconocimiento voluntario en contra de Elienid Berrios del Hoyo (Berríos del Hoyo o peticionaria) y su

Número Identificador

RES2023 _____

hijo menor de edad, MEBH.[1] En síntesis, alegó que, el 18 de septiembre de 2021, el menor MEBH nació producto de la relación consensual de convivencia que mantuvo con Berríos del Hoyo. Según adujo, el menor MEBH fue inscrito en el Registro Demográfico con los apellidos de Berríos del Hoyo, sin haber sido reconocido por este, su padre biológico. Sostuvo que quería reconocer como su hijo al menor MEBH, ejercer sus facultades inherentes de la patria potestad sobre este y relacionarse con él. En virtud de lo anterior, solicitó que (1) se le permitiera participar en el proceso de escoger el nombre de su hijo, (2) inscribirlo en el Registro Demográfico con un nombre escogido entre las partes, incluyendo el apellido de ambos progenitores, y (3) que se establecieran las relaciones paternofiliales.

Por su parte, el 8 de diciembre de 2022, Berríos del Hoyo presentó su *Contestación a Demanda*.[2] En esencia, negó las alegaciones vertidas en la acción de epígrafe. Planteó que existía una Orden de Protección a su favor. A su vez, arguyó que Rojas Ortiz había realizado una alegación de culpabilidad por violación a los Artículos 3.1 (maltrato), 3.2(d) (maltrato agravado; en la presencia de menores de edad) y 3.4 (maltrato mediante restricción de la libertad) de la Ley de Prevención e Intervención con la Violencia Doméstica, Ley Núm. 54 del 15 de agosto de 1989, según enmendada, mejor conocida como la Ley de Violencia Doméstica, 8 LPRA secs. 631, 632(d) y 634 (Ley Núm. 54-1989).

Así las cosas, el 23 de febrero de 2023, se celebró una Conferencia sobre el Estado de los Procedimientos.[3] Según surge de la *Minuta*, en lo pertinente, el Tribunal de Primera Instancia le ordenó a las partes que se realizaran las pruebas de ADN y les exhortó a que se reunieran para escoger un laboratorio. Ante ello, Berríos del Hoyo indicó que no iba a comparecer al laboratorio donde Rojas Ortiz estuviera, toda vez que el foro primario conocía la situación de Ley Núm. 54-1989, *supra*, en este caso. Berríos del Hoyo sostuvo que había que tomar las medidas necesarias para

---

[1] Anejo 4 del recurso.
[2] Anejo 5 del recurso.
[3] Véase, Caso Civil Núm. AI2022RF00307 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

realizar la referida prueba. Atendido el planteamiento, el foro *a quo* hizo constar que entendía que las partes no iban a comparecer simultáneamente. No obstante, Berríos del Hoyo expresó estar en desacuerdo con lo ordenado.

De conformidad con lo anterior, el 28 de febrero de 2023, notificada el 6 de marzo del mismo año, el Tribunal de Primera Instancia emitió la *Orden* que nos ocupa.[4] En específico, ordenó a las partes a realizarse una prueba de ADN o de paternidad. Dictaminó que el recurrido, a través de su representación legal, debía realizar las gestiones necesarias en un laboratorio clínico de referencia o de su predilección para realizarse las pruebas de ADN o de paternidad. Asimismo, ordenó a las partes que, una vez lo coordinaran, incluyendo el conocer las instrucciones a impartirse por el laboratorio, se realizaran las pruebas de ADN. Apercibió a las partes que, ante la negatoria de comparecer y practicarse las pruebas, podían ser sancionadas económicamente o encontrarse incursas en desacato. Por otro lado, particularizó que el costo lo asumirá a razón de un cincuenta por ciento (50%) cada parte. Añadió que, luego de conocer los resultados, la parte perdidosa tendrá que reembolsar el otro cincuenta por ciento (50%) a la parte que prevalezca.

En desacuerdo, el 23 de marzo de 2023, la parte peticionaria presentó una *Moción en Solicitud de Reconsideración en Torno a Prueba de ADN*.[5] Evaluado el petitorio, el 27 de marzo de 2023, el foro primario emitió y notificó una *Orden* mediante la cual declaró No Ha Lugar la solicitud de reconsideración.[6]

Inconforme con dicha determinación, el 26 de abril de 2023, la parte peticionaria acude ante nos mediante el recurso de epígrafe y realiza el siguiente señalamiento de error:

> Erró el Tribunal Superior al ordenar realizar pruebas de ADN a las partes sin antes celebrar vista evidenciaria donde se demuestre con prueba documental o testifical, hechos concretos que razonablemente puedan llevar al juzgador a creer que el promovente es padre biológico del menor, tomando

---

[4] Anejo 1 del recurso.
[5] Anejo 2 del recurso.
[6] Anejo 3 del recurso.

en consideración el patrón de violencia doméstica ejercido por el demandante/apelado hacia la demandada/apelante y el derecho constitucional a la intimidad y el debido proceso de ley.

Junto a su recurso, presentó una *Moción en Auxilio de Jurisdicción*. Hemos examinado con detenimiento el escrito y el apéndice sometido por la parte peticionaria y optamos por prescindir de los términos, escritos o procedimiento ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7(b)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7(b)(5). Resolvemos.

## II

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 2023 TSPR 46, resuelto el 12 de abril de 2023; *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, **en casos de relaciones de familia**, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. (Énfasis nuestro).

> [. . .]

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o

peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones.

A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios a considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020). Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, funge como complemento a la Regla 52.1 de Procedimiento Civil, *supra*. *Torres González v. Zaragoza Meléndez*, supra. La precitada Regla dispone lo siguiente:

> El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A)   Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B)   Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C)   Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D)   Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E)   Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F)   Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G)   Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005). Por lo que, de los factores

esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial*". Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

Esbozada la norma jurídica, procedemos a aplicarla al recurso ante nos.

**III**

La parte peticionaria plantea que el Tribunal de Primera Instancia incidió al ordenar realizar pruebas de ADN a las partes sin antes celebrar vista evidenciaria. En particular, sostiene que, previo a las pruebas, hay que demostrar, con prueba documental o testifical, hechos concretos que razonablemente puedan llevar al juzgador a creer que el recurrido es padre biológico del menor. Además, alega que el foro primario debe tomar en consideración el patrón de violencia doméstica ejercido por el recurrido hacia esta, así como el derecho constitucional a la intimidad y el debido proceso de ley.

Luego de examinar con detenimiento la totalidad del expediente ante nuestra consideración, no se desprende que el foro primario haya actuado con pasión, prejuicio o parcialidad o haya incurrido en craso abuso de

discreción o en un error manifiesto o de derecho, al ordenar a las partes a realizarse una prueba de ADN o de paternidad.

En ausencia de algún factor o situación que apunte a un error manifiesto en derecho o en un fracaso a la justicia, el foro primario, específicamente la sala de relaciones de familia, merece deferencia y está en mejor posición para entender sobre la controversia que nos ocupa, ello en el interés óptimo del menor en este caso. Por consiguiente, y evaluada la precitada Regla 40 de nuestro Reglamento, *supra*, concluimos que no nos encontramos ante ninguno de los escenarios allí establecidos, por lo que nos abstenemos de intervenir sobre el dictamen recurrido.

**IV**

Por los fundamentos que anteceden, declaramos No Ha Lugar la *Moción en Auxilio de Jurisdicción* y denegamos la expedición del auto de *certiorari*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

**NOTIFÍQUESE INMEDIATAMENTE.**

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones